Sukhwinder Singh PATTAR, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70674.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Dec. 5, 2006.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., William C. Peachey, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Carl J. Nichols, Esq., U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: HAWKINS and BERZON, Circuit Judges, and SILVER,* District Judge.

MEMORANDUM **

Sukhwinder Singh Pattar petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found Pattar not credible and identified a number of inconsistencies in Pattar's evidence. In affirming the IJ's decision, the BIA noted that some of Petitioner's inconsistencies were not material, but found there were also inconsistencies regarding some of Petitioner's core allegations. Substantial evidence

* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

does not support the BIA's determination. We grant the petition and remand.

"We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion." *Singh v. Gonzales,* 439 F.3d 1100, 1106 (9th Cir.2006). An adverse credibility determination "must be supported by a specific, cogent reason." *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). Also, the reason or reasons for an adverse credibility determination must "go to the 'heart of [the] asylum claim.'" *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) (quoting *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002)).

The BIA's decision was based on six alleged inconsistencies. The inconsistencies are either not supported by the record or do not go to the heart of Pattar's claim.

1. Pattar first stated that he joined the All India Student Sikh Federation ("AISSF") on April 13, 1991. Pattar later stated he did "not collect any money before, until September when [he] became a member." After this statement the Immigration Judge immediately changed the subject. Pattar was later asked how long he had been a member of the AISSF prior to his February 15, 1992 arrest. Petitioner responded "about a year, about 10 to 11 months."

"[W]e have frequently characterized 'discrepancies in dates which reveal nothing about an asylum applicant's fear of his safety' to be 'minor inconsistencies' that cannot form the basis of an adverse credibility finding." *Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000) (quoting *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988)). Pattar was not given a chance

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to explain the alleged inconsistency regarding these dates, and these inconsistencies are insufficient to support an adverse credibility finding. *See Guo v. Ashcroft,* 361 F.3d 1194, 1200 (9th Cir.2004) ("[U]nclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony.").

Moreover, the asserted inconsistent dates hinge on punctuation of an oral statement that is itself ambiguous. Pattar could have meant that he did not collect money until September—that is, until *after* he was a member. Such an inconsistency is not material.

2. Pattar testified that he was first arrested February 15, 1992. Later, he testified that he was first arrested May 18, 1992, but immediately corrected himself. Petitioner also stated May 26, 1992 as the date of his first arrest, but corrected himself when asked to clarify. Similar to the minor inconsistencies regarding the date he joined the AISSF, these inconsistencies—which were resolved upon clarification—were insufficient to support an adverse credibility finding.

■ 3. Pattar presented a letter stating he was a member of the Gurdwara located in Freemont, California. He later testified that he was not a member but had attended services there. This allegedly conflicting evidence regarding Pattar's membership does not go to the heart of his asylum case, particularly where, as here, the definition of "membership" is in dispute. Therefore, conflicts in Pattar's testimony on this subject could not support an adverse credibility finding. *Li,* 378 F.3d at 962.

■ 4. Pattar gave slightly different stories regarding how he received a dislocated shoulder and how the shoulder was set back in place. Pattar consistently testified, however, that he had been subject to coercive police questioning, during that questioning his shoulder was dislocated, and the shoulder was reset by the police. The minor inconsistencies cited by the BIA regarding these events were insufficient to support an adverse credibility finding.

■ 5. The BIA cited to conflicting testimony regarding the role Petitioner played in preparing his asylum application and declaration. But "asylum applications are frequently filled out by poor, illiterate people who do not speak English and are unable to retain counsel." *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). Also, "the mere omission of details is insufficient to uphold an adverse credibility finding." *Bandari v. INS,* 227 F.3d at 1167. Pattar's statements and omissions regarding his paperwork were insufficient to support an adverse credibility finding.

■ 6. Pattar presented a letter stating he was "elevated to the post of propaganda secty of the distt. unit and in his capacity he took active role in [AISSF's] struggle." During his testimony, Pattar repeatedly stated he was offered the district level job but did not take it because he needed to remain in his village. There was no dispute that Pattar was active in the AISSF or that he was offered the position, the only discrepancy was whether he accepted it. This discrepancy was not enough to support an adverse credibility finding.

We grant the petition and remand to the BIA to determine whether, accepting Singh's testimony as credible, he is eligible for relief. *See INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED.**